UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:18-cr-158-MMH-MCR

HAI PHI TRAN  ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

## **O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

　　☒ FACTORS CONSIDERED

Defendant Hai Phi Tran is a 30-year-old inmate incarcerated at Oakdale I FCI, serving concurrent 36-month terms of imprisonment for conspiracy to distribute 100 kilograms or more of marijuana and conspiracy to commit money laundering. (Doc. 114, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on August 31, 2022. Tran seeks compassionate release because he says the Delta and Mu variants of the

Covid-19 virus have infiltrated his prison, and because the surrounding community of Oakdale, Louisiana has a high infection rate. (Doc. 140, Motion for Compassionate Release at 5).

A movant under § 3582(c)(1)(A) bears the burden of proving that a sentence reduction is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014)). The statute provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit Court of Appeals has instructed that the applicable policy statement, U.S.S.G. § 1B1.13, including its definition of "extraordinary and compelling reasons," governs all motions filed under 18 U.S.C. § 3582(c)(1)(A), even those filed after the First Step Act. United States v. Bryant, 996 F.3d 1243, 1247–48 (11th Cir. 2021). Notably, "[b]ecause the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). And, as the Third Circuit Court of Appeals has

observed, Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Tran has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. Tran, who is only 30 years old, does not allege that he suffers from any underlying health condition that increases his risk of severe illness from Covid-19. See generally Motion for Compassionate Release. His Presentence Investigation Report (PSR) reflects that, as of January 2020, he did not suffer from any chronic medical conditions or take any prescription medications. (Doc. 103, PSR at ¶ 64). And the warden's denial of his reduction in sentence (RIS) request reflects that he currently has no serious medical conditions. (Doc. 140 at 7, Warden's Denial of RIS Request). Nor does Tran allege that he has been denied the opportunity to receive a Covid-19 vaccine. At bottom, Tran seeks a sentence reduction because Covid-19 is present in his facility and he fears being infected. But as many courts have held, the mere presence of Covid-19 or the risk of infection does not, by itself, justify compassionate release. See, e.g., United States v. Thompson, 984 F.3d 431, 435 (5th Cir. 2021) (noting that "[f]ear of COVID doesn't automatically entitle a prisoner to release" and affirming the denial of compassionate release to a generally healthy inmate);

3

Raia, 954 F.3d at 597; United States v. Gater, 857 F. App'x 259, 261 (8th Cir. 2021); United States v. Johnson, 849 F. App'x 908, 909 (11th Cir. 2021).

Moreover, Tran does not allege that he satisfies any of the criteria for establishing "extraordinary and compelling" circumstances under U.S.S.G. § 1B1.13, Application Notes 1(A) (terminal illness or a serious medical condition), 1(B) (old age), or 1(C) (certain family circumstances). Motion for Compassionate Release at 4. Instead, Tran only asserts "other extraordinary and compelling reasons." Id. Under Application Note 1(D), a defendant may establish extraordinary and compelling reasons for a sentence reduction when, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. 1(D) (emphasis added). Only the BOP Director can find "other extraordinary and compelling reasons" outside of Application Notes 1(A) through 1(C), and the BOP has not done so in Tran's case. (Doc. 140 at 7, Warden's Denial of RIS Request). In Bryant, the Eleventh Circuit held that § 1B1.13 and its substantive standards continue to govern defendant-filed applications for compassionate release after the First Step Act, "and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." 996 F.3d at 1247–48. Thus, Bryant forecloses Tran's request for compassionate release

4

"[b]ecause [Tran's] motion does not fall within any of the reasons that 1B1.13 identifies as 'extraordinary and compelling.'" Id. at 1265.

Because Tran has not demonstrated extraordinary and compelling reasons for a sentence reduction, it is not necessary to discuss the sentencing factors under § 3553(a). Defendant Hai Phi Tran's Motion for Compassionate Release (Doc. 140) is therefore **DENIED**.[1] Tran's request for the appointment of counsel, id. at 6, is likewise **DENIED** because it is not supported by the interests of justice. United States v. Cain, 827 F. App'x 915, 921–22 (11th Cir. 2020).

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of September, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:
Counsel of record
Defendant

---

[1] To the extent Tran requests that the Court order a direct transfer to home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Groover, 844 F. App'x 185, 188 (11th Cir. 2021); United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020).